



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NYU HOSPITALS CENTER,

     Plaintiffs,

vs.                                                            CASE NO.

THOMAS MOLLO and
BLUE CROSS BLUE SHIELD
OF FLORIDA, INC.

     Defendants.

_____/

### NOTICE OF REMOVAL

     Defendant, Blue Cross and Blue Shield of Florida, Inc. ("BCBSF"), pursuant to 28 U.S.C. §1441 and §1446, removes this action to the United States District Court for the Southern District of New York, and in support hereof states:

     1.    This action is removed to the U.S. District Court, Southern District of New York, on the basis that this Court has original jurisdiction of this action based upon diversity of citizenship of the parties and the requisite jurisdictional amount in controversy, pursuant to 28 U.S.C. §1332(a)(1).

     2.    This action was originally filed in the Supreme Court of the State of New York, County of New York, and styled <u>NYU Hospitals Center, Plaintiff v. Thomas Mollo and Blue Cross Blue Shield of Florida, Inc., Defendants</u>, Case No.106985-08.

     3.    This Notice of Removal is being filed with thirty (30) days after service of the Complaint herein on BCBSF, which was served on June 12, 2008, and therefore is timely removed. 28 U.S.C. §1446(b).

4.     Defendant BCBSF is a citizen of the State of Florida being incorporated in Florida and having its principal place of business in Jacksonville, Florida.

5.     Defendant, Thomas Mollo, is a citizen of the State of Florida, with a last known address of 326 Chennault Lane, Rockledge, Florida 32955-6904.  To the knowledge of BCBSF he has not been served with process in this action.

6.     Plaintiff is a citizen of the State of New York being incorporated in New York, and having its principal place of business in New York, New York.

7.     The amount in controversy is alleged to exceed $75,000.00, exclusive of interest and cost.  See Complaint ¶¶ 10-12, 15-16, 20-21, and 36.

8.     Pursuant to 28 U.S.C. §1446(a) and Local Rule 81.1, copies of all process, documents, orders, and pleadings served by and upon the parties, and all papers now on file in the State Court action, are contemporaneously filed herewith.

9.     A copy of this Notice of Removal has been filed with the State Court.

**HOLLAND & KNIGHT LLP**

William J. Honan
New York Bar No. 1092527
Harmony I. Loube
New York Bar No. 4534830
195 Broadway, 24th Floor
New York, New York 10007
Telephone:  (215) 513-3200
Facsimile:  (215) 385-9010
Attorneys for Defendants

2

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served via U.S. Mail this 8th day of

July, 2008, on the following:

William A. Hecht, Esquire
William A. Hecht, P.C.
901 North Broadway, Suite 3B
White Plains, New York 10603

_____
Attorney

# 5449742_v1

3





UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NYU HOSPITALS CENTER,

    Plaintiffs,

vs.                                CASE NO.

THOMAS MOLLO and
BLUE CROSS BLUE SHIELD
OF FLORIDA, INC.

    Defendants.

_____/

### NOTICE OF FILING COPIES OF
### STATE COURT PAPERS

    Defendant, Blue Cross and Blue Shield of Florida, Inc., pursuant to 28 U.S.C. §1446(a),

and Local Rule 81.1, Rules of the United States District Court for the Southern District of New

York, hereby gives notice of filing copies of all process, pleadings, papers and orders, if any,

now on file in the State Court, all of which are attached hereto.

                              **HOLLAND & KNIGHT LLP**

                              William J. Honan
                              New York Bar No. 1092527
                              Harmony I. Loube
                              New York Bar No. 4534830
                              195 Broadway, 24th Floor
                              New York, New York 10007
                              Telephone:  (215) 513-3200
                              Facsimile:  (215) 385-9010
                              Attorneys for Defendants

08 CV 6187

JUDGE SULLIVAN

IN THE SUPREME COURT OF THE
STATE OF NEW YORK, COUNTY OF
NEW YORK

CASE NO.: 106985-08

NYU HOSPITALS CENTER,

      Plaintiffs,

vs.

THOMAS MOLLO and
BLUE CROSS BLUE SHIELD
OF FLORIDA, INC.

      Defendants.

_____/

## NOTICE OF FILING COPY OF NOTICE OF REMOVAL

    Defendant, Blue Cross and Blue Shield of Florida, Inc., hereby gives notice of filing the

attached copy of its Notice of Removal, the original of which has been filed with the U.S.

District Court for the Southern District of New York, thereby effecting the removal of this action

to that Court.

                      **HOLLAND & KNIGHT LLP**

                      William J. Honan
                      New York Bar No. 1092527
                      Harmony I. Loube
                      New York Bar No. 4534830
                      195 Broadway, 24th Floor
                      New York, New York 10007
                      Telephone: (215) 513-3200
                      Facsimile: (215) 385-9010
                      Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served via U.S. Mail this 8th day of

July, 2008, on the following:

William A. Hecht, Esquire
William A. Hecht, P.C.
901 North Broadway, Suite 3B
White Plains, New York 10603

_____
Attorney

# 5449659_v1

2

**ALEX SINK**
**CHIEF FINANCIAL OFFICER**
**STATE OF FLORIDA**

Florida Department of Financial Services

08-22075

NYU HOSPITALS CENTER,

PLAINTIFF(S),

AGAINST

THOMAS MOLLO AND
BLUE CROSS BLUE SHIELD OF FLORIDA, INC.

DEFENDANT(S).

_____/

SUMMONS, VERIFIED COMPLAINT, VERIFICATION

CASE #:    106985-08
COURT:    SUMPREME COURT, NEW YO
COUNTY: NEW YORK
DFS-SOP#: 08-22075

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial
Officer of the State of Florida. Said process was received in my office by PROCESS SERVER
on the 10th day of June, 2008 and a copy was forwarded by Certified Mail on the 12th day of
June, 2008 to the designated agent for the named entity as shown below.

    BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC
    DONNA M MOTES   (donna.motes@bcbsfl.com)
    ASSISTANT CORPORATE SECRETARY
    P.O. BOX 60729
    JACKSONVILLE FL 32236-0729

\* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any
subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

*Alex Sink*

Alex Sink
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

WILLIAM A. HECHT
SUITE 3B
901 NORTH BROADWAY
WHITE PLAINS NY 10603

TSC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

NYU HOSPITALS CENTER,

                    Plaintiff,

    -against-

THOMAS MOLLO and
BLUE CROSS BLUE SHIELD OF FLORIDA, INC.

                    Defendants.

-----------------------------------------------------------------X

INDEX NO.: *106985-08*

DATE PURCHASED: *5-20-08*

SUMMONS

Plaintiff's Address:

550 First Avenue
New York, New York 10016

*8/6/10/84k250pm*
*by cnc   ys #101*

    TO THE ABOVE NAMED DEFENDANT(S):

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service or if service of this summons is made by any means other than by personal delivery to you within the state, within thirty (30) days after the service is complete. In case of your failure to appear and answer, judgment will be taken against you by default for the relief demanded in the complaint.

    Plaintiff designates New York County as the place of trial. The basis of the venue designated is the county in which the plaintiff has offices.

Dated: White Plains, New York
       May 14, 2008

WILLIAM A. HECHT, P.C.
Attorney for Plaintiff

By: 
    William A. Hecht
    901 North Broadway, Suite 3B
    White Plains, New York 10603
    (914) 946-0647

Defendants' addresses:

Thomas Mollo
326 Chennault Lane
Viera, Florida 32955

Janette Ekh
Chief Financial Officer
Blue Cross Blue Shield of Florida, Inc.
200 E. Gaines Street
Tallahassee, Florida 32399

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
NYU HOSPITALS CENTER,                                              INDEX NO.:

                                  Plaintiff,

                                                                  VERIFIED
          - against -                                             COMPLAINT

THOMAS MOLLO and
BLUE CROSS BLUE SHIELD OF FLORIDA, INC.,

                                  Defendants.

-------------------------------------------------------------------X

        Plaintiff, NYU Hospitals Center, by its attorney William A. Hecht, P.C., as and for its

complaint against the Defendants alleges as follows upon information and belief:

        1.      At all times mentioned herein Plaintiff, NYU Hospitals Center, was and still is a

domestic corporation maintaining a facility to render hospital services in the County of New

York, State of New York.

        2.      At all times mentioned herein Defendant Thomas Mollo (hereinafter "Mollo")

was and still is a resident of the State of Florida.

        3.      At all times mentioned herein Defendant Blue Cross Blue Shield of Florida

("BCBS of Florida") was and still is a corporation existing under the laws of the State of Florida

and transacts business in the State of New York.

        4.      The cause of action against defendant Mollo alleged in this complaint arises out

of and results from a breach of contract, made by and between the plaintiff, a resident of the

County of New York and the defendant, a nondomiciliary of the State of New York, in the

County of New York and the contract was to be performed in the County of New York.

        5.      The cause of action against defendant BCBS of Florida arises from

misrepresentations made by defendant BCBS of Florida to plaintiff regarding authorization

and/or precertification required for payment of health care benefits for the services plaintiff would be providing to defendant Mollo.

6.     This court is a most convenient forum for trying this action as witnesses to the agreement between plaintiff and defendant Mollo and plaintiff's performance thereunder and witnesses to the misrepresentations made by defendant BCBS are available in New York.

## AS AND FOR A FIRST CAUSE OF ACTION

7.     On or about January 31, 2007 plaintiff and defendant Mollo entered into an agreement whereby plaintiff was to render hospital services to him related to a surgical procedure he was to undergo and defendant Mollo was to pay plaintiff's charges for said services.

8.     From January 31, 2007 to February 13, 2007 plaintiff provided said services to defendant Mollo and has performed all of its obligations under the aforesaid agreement.

9.     Defendant Mollo has breach the aforementioned agreement by failing to remit the full amount due for the services rendered.

10.     The total of the charges incurred by defendant Mollo is One Hundred Thirty-Three Thousand Eighty-Three and 50/100 ($133,083.50) Dollars.

11.     Defendant Mollo has paid Five Hundred ($500.00) Dollars, leaving a balance of One Hundred Thirty-Two Thousand Five Hundred Eighty-Three and 50/100 ($132,583.50) Dollars due and owing, which he has refused to pay despite due demand therefor.

12.     Accordingly, plaintiff has been damaged in the amount of One Hundred Thirty-Two Thousand Five Hundred Eighty-Three and 50/100 ($132,583.50) Dollars.

AS AND FOR A SECOND CAUSE OF ACTION

13.     Plaintiff repeats and reiterates and realleges each and every allegation set forth in paragraphs 7 through 11 as if fully set forth at length herein.

14.     On and between January 31, 2007 to February 13, 2007, plaintiff at the special instance and request of defendant Mollo provided certain hospital services to him.

15.     The agreed price and reasonable value of the services rendered was One Hundred Thirty-Three Thousand Eighty-Three and 50/100 ($133,083.50) Dollars, of which a balance of One Hundred Thirty-Two Thousand Five Hundred Eighty-Three and 50/100 ($132,583.50) Dollars remains due and owing despite due demand therfor.

16.     As a result of the foregoing, plaintiff has been damaged in the amount of One Hundred Thirty-Two Thousand Five Hundred Eighty-Three and 50/100 ($132,583.50) Dollars.

AS AND FOR A THIRD CAUSE OF ACTION

17.     Plaintiff repeats and reiterates and realleges each and every allegation set forth in paragraphs 7 through 11 and 14 and 15 as if fully set forth at length herein.

18.     On or about April 11, 2007, plaintiff sent a statement of account to defendant Mollo.

19.     Defendant Mollo received, retained and did not object to the statement of account.

20.     Accordingly an account was stated between plaintiff and defendant Mollo whereby defendant Mollo is indebted to plaintiff in the amount of One Hundred Thirty-Two Thousand Five Hundred Eighty-Three and 50/100 ($132,583.50) Dollars.

21.     As a result of the foregoing, plaintiff has been damaged in the amount of One Hundred Thirty-Two Thousand Five Hundred Eighty-Three and 50/100 ($132,583.50) Dollars.

### AS AND FOR A FOURTH CAUSE OF ACTION

22.    Plaintiff repeats and reiterates and realleges each and every allegation set forth in paragraphs 7 through 11 and 14 and 15 as if fully set forth at length herein.

23.    On January 30, 2007, plaintiff contacted defendant BCBS of Florida to verify that defendant Mollo had health care benefits to cover in whole or part the charges defendant Mollo would incur prior to admitting him to its hospital and to obtain precertification for defendant Mollo's admission if such was required.

24.    Plaintiff spoke with Defendant BCBS of Florida's staff who advised plaintiff that plaintiff's services would be covered in full except for a Five Hundred ($500.00) Dollar deductible that defendant Mollo was liable to pay and that no precertification was required for an out-of-state procedure.

25.    Relying on the representations made by defendant BCBS of Florida, plaintiff admitted defendant Mollo for a surgical procedure and rendered services to him related thereto.

26.    After defendant Mollo's discharge plaintiff submitted its claim to Empire Blue Cross Blue Shield.

27.    Defendant Mollo's ID card issued by defendant BCBS of Florida instructs out-of-state providers, like plaintiff, to submit their claims to the Blue Cross Blue Shield Plan servicing their area, which in New York is Empire Blue Cross Blue Shield.

28.    Plaintiff's claim was denied.

29.    The explanation of benefits issued by Empire Blue Cross Blue Shied on behalf of defendant BCBS of Florida states the claim was denied as the services were not covered services, which was not true.

30.     Defendant BCBS of Florida thereafter asserted that plaintiff's claim was denied because the care was not coordinated with the primary care physician.

31.     Defendant BCBS of Florida has subsequently asserted that the reason plaintiff's claim was denied was that the admission was not precertified with defendant BCBS of Florida.

32.     Defendant Mollo's health care benefits ID card issued by defendant BCBS of Florida, which was presented to plaintiff, notifies providers that: "some services require authorization and/or pre-certification"; that "[f]or authorizations, contact the patient's PCP [primary care physician] listed on this card"; and "[f]or pre-certification, contact HOI [BCBS of Florida Health Options, Inc.]"

33.     Not only did defendant Mollo's BCBS of Florida ID card not list a primary care physician but also the ID card stated "PCP NOT REQUIRED" in the field in which a primary care physician and said physician's telephone number are to be listed.

34.     If in fact precertification with defendant BCBS of Florida was required and/or there was a primary care physician, defendant BCBS of Florida misrepresented to plaintiff that no precertification was required and there was no primary care physician.

35.     Plaintiff's reliance on the misrepresentations made by defendant BCBS of Florida was reasonable and foreseeable.

36.     As a result of defendant BCBS of Florida's negligent misrepresentations, plaintiff has been damaged in the amount of One Hundred Thirty-Two Thousand Five Hundred Eighty-Three and 50/100 ($132,583.50) Dollars.

WHEREFORE, plaintiff demands judgment as follows:

a)     On its first, second and third causes of action judgment against defendant Thomas Mollo in the sum of One Hundred Thirty-Two Thousand Five Hundred Eighty-Three and 50/100 ($132,583.50) Dollars with interest from February 13, 2007;

b)     On its fourth cause of action judgment against defendant Blue Cross Blue Shield of Florida in the sum of One Hundred Thirty-Two Thousand Five Hundred Eighty-Three and 50/100 ($132,583.50) Dollars with interest from February 13, 2007;

c)     For the costs and disbursements of this action; and

d)     For such other and further relief as this court deems just and proper.

Dated: White Plains, New York
       May 13, 2008

WILLIAM A. HECHT, P.C.
Attorney for Plaintiff

By: _____
    William A. Hecht, Esq.
    901 North Broadway, Suite 3B
    White Plains, New York 10603
    (914) 946-0647
    File No.: 396-200209014

## VERIFICATION

William A. Hecht, an attorney duly admitted to practice in the courts of the State of New York and attorney of record for NYU Hospitals Center, has read the annexed Summons and Verified Complaint and knows the contents thereof and the same are true to my knowledge, except those matters alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge is based upon correspondence and documents maintained in a file in your affirmant's office.

The reason I make this affirmation instead of the plaintiff is that plaintiff resides outside the county where your affirmant maintains an office.

I affirm that the foregoing statements are true under the penalties of perjury.

Dated: White Plains, New York
       May 13, 2008

_____
William A. Hecht, Esq.

AAA Attorney Service Co. of N.Y. Inc. / Sid Marks !
20 Vesey Street
New York, N.Y. 10007

| SUPREME | *Court:* | NEW YORK | *County:* |

NYU HOSPITALS CENTER

                                   PLAINTIFF

VS

THOMAS MOLLO AND BLUE CROSS BLUE SHIELD
OF FLORIDA INC

                                   DEFENDANTS

*Filed*

*Index No.* 106985/08

Index # purchased on  5/20/2008
*Office File No.* 1WAH976557

*STATE OF* ~~NEW YORK~~ Florida *COUNTY OF* ~~NEW YORK~~ Leon    ss: i, Christopher Compton being duly sworn,

deposes and says that he is over the age of 18 years, not a party to the action, and resides
in the State of ~~XXXXXXX~~ Florida

on  6|10|08       2:50 pm
    (date)        (time)

at  200 East Gaines St Tallahassee Florida 32399
    Summons and verified complaint                              he served

upon  BLUE CROSS BLUE SHIELD OF FLORIDA INC, One of the defendants.

**FILED**
JUN 27 2008
NEW YORK
COUNTY CLERKS OFFICE

in this action, by delivering to and leaving with ~~said~~  Lula Kelly  as  Senior Word Processor

a true copy thereof.

                           defendant                    defendant

Deponent further says, that he knew the person so served as aforesaid to be the ~~person~~ mentioned and described in the said

Summons and verified complaint

whose approximate description is as follows:

| | | | | | |
|---|---|---|---|---|---|
| ☐ MALE | ☐ WHITE SKIN | ☒ BLACK HAIR | ☐ 14 - 20 YRS. | ☐ UNDER 5' | ☐ UNDER 100 LBS. |
| ☒ FEMALE | ☒ BLACK SKIN | ☐ BROWN HAIR | ☐ 21 - 35 YRS. | ☐ 5'01'' - 5'3'' | ☐ 100 - 130 LBS. |
| | ☐ YELLOW SKIN | ☐ BLOND HAIR | ☐ 36 - 50 YRS. | ☒ 5'4'' - 5'8'' | ☒ 131 - 160 LBS. |
| | ☐ BROWN SKIN | ☐ GRAY HAIR | ☒ 51 - 65 YRS. | ☐ 5'9'' - 6'0'' | ☐ 161 - 200 LBS. |
| | ☐ RED SKIN | ☐ RED HAIR | ☐ OVER 65 YRS. | ☐ OVER 6' | ☐ OVER 200 LBS. |
| | | ☐ WHITE HAIR | | | |
| | | ☐ BALDING | | | |

OTHER IDENTIFYING FEATURES

EVA F. VICKERS
Commission DD 749371
Expires January 14, 2012
Bonded Thru Troy Fain Insurance 800-385-7019

Sworn to before me this ____ 10th

day of ____ June ____ 2008

    Notary

                              Christopher Compton
                              Process Signature

**ALEX SINK**
**CHIEF FINANCIAL OFFICER**
**STATE OF FLORIDA**
Florida Department of Financial Services

08-22075

NYU HOSPITALS CENTER,

PLAINTIFF(S),

AGAINST

THOMAS MOLLO AND
BLUE CROSS BLUE SHIELD OF FLORIDA, INC.

DEFENDANT(S).

_____/

SUMMONS, VERIFIED COMPLAINT, VERIFICATION

CASE #:    106985-08
COURT:    SUMPREME COURT, NEW YO
COUNTY: NEW YORK
DFS-SOP#: 08-22075

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial
Officer of the State of Florida.  Said process was received in my office by PROCESS SERVER
on the 10th day of June, 2008 and a copy was forwarded by Certified Mail on the 12th day of
June, 2008 to the designated agent for the named entity as shown below.

    BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC
    DONNA M MOTES   (donna.motes@bcbsfl.com)
    ASSISTANT CORPORATE SECRETARY
    P.O. BOX 60729
    JACKSONVILLE FL 32236-0729

\* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any
subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

*Alex Sink*

Alex Sink
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

WILLIAM A. HECHT
SUITE 3B
901 NORTH BROADWAY
WHITE PLAINS NY 10603

TSC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

NYU HOSPITALS CENTER,

INDEX NO.: *106985-08*
DATE PURCHASED: *5-20-08*

                                    Plaintiff,

        -against-                                          SUMMONS

THOMAS MOLLO and                                    Plaintiff's Address:
BLUE CROSS BLUE SHIELD OF FLORIDA, INC.

                                                            550 First Avenue
                                                            New York, New York 10016

                                    Defendants.
-----------------------------------------------------------------X

*8/6/10/84x250pr*
*by uac    vs #101*

        TO THE ABOVE NAMED DEFENDANT(S):

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve
a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's attorneys within twenty (20) days after the service of this
summons, exclusive of the day of service or if service of this summons is made by any means
other than by personal delivery to you within the state, within thirty (30) days after the service is
complete. In case of your failure to appear and answer, judgment will be taken against you by
default for the relief demanded in the complaint.

        Plaintiff designates New York County as the place of trial. The basis of the venue
designated is the county in which the plaintiff has offices.

Dated: White Plains, New York            WILLIAM A. HECHT, P.C.
        May 14, 2008                            Attorney for Plaintiff

                                            By:
                                                William A. Hecht
                                                901 North Broadway, Suite 3B
                                                White Plains, New York 10603
                                                (914) 946-0647

Defendants' addresses:

Thomas Mollo
326 Chennault Lane
Viera, Florida 32955

Janette Ekh
Chief Financial Officer
Blue Cross Blue Shield of Florida, Inc.
200 E. Gaines Street
Tallahassee, Florida 32399

AAA Attorney Service Co. of N.Y. Inc. / Sid Marks !
20 Vesey Street
New York, N.Y. 10007

SUPREME        *Court:* NEW YORK        *County:*

NYU HOSPITALS CENTER

                        PLAINTIFF

VS

THOMAS MOLLO AND BLUE CROSS BLUE SHIELD
OF FLORIDA INC

                        DEFENDANTS

*Filed*

*Index No.* 106985/08

Index # purchased on    5/20/2008

*Office File No.* 1WAH976557

*STATE OF* ~~NEW YORK~~ Florida *COUNTY OF* ~~NEW YORK~~ Leon    ss: i, Christopher Compton being duly sworn,

deposes and says that he is over the age of 18 years, not a party to the action, and resides
in the State of ~~New York~~ Florida

on    6/10/08         2:50 pm
      (date)          (time)

at    200 East Gaines St Tallahassee Florida 32399        be served
      Summons and verified complaint

upon  BLUE CROSS BLUE SHIELD OF FLORIDA INC, One of the defendants.

FILED
JUN 27 2008
NEW YORK
COUNTY CLERKS OFFICE

in this action, by delivering to and leaving with ~~said~~  *Lula Kelly  as Senior Word Processor*

a true copy thereof.

                        defendant                defendant

Deponent further says, that he knew the person so served as aforesaid to be the ~~person~~ mentioned and described in the said

      Summons and verified complaint

whose approximate description is as follows:

| | | | | | |
|---|---|---|---|---|---|
| ☐ MALE | ☐ WHITE SKIN | ☒ BLACK HAIR | ☐ 14-20 YRS. | ☐ UNDER 5' | ☐ UNDER 100 LBS. |
| ☒ FEMALE | ☒ BLACK SKIN | ☐ BROWN HAIR | ☐ 21-35 YRS. | ☐ 5'0''-5'3'' | ☐ 100-130 LBS. |
| | ☐ YELLOW SKIN | ☐ BLOND HAIR | ☐ 36-50 YRS. | ☒ 5'4''-5'8'' | ☒ 131-160 LBS. |
| | ☐ BROWN SKIN | ☐ GRAY HAIR | ☒ 51-65 YRS. | ☐ 5'9''-6'0'' | ☐ 161-200 LBS. |
| | ☐ RED SKIN | ☐ RED HAIR | ☐ OVER 65 YRS. | ☐ OVER 6' | ☐ OVER 200 LBS. |
| | | ☐ WHITE HAIR | | | |
| | | ☐ BALDING | | | |

OTHER IDENTIFYING FEATURES

EVA F. VICKERS
Commission DD 749371
Expires January 16, 2012
Bonded Thru Troy Fain Insurance 800-385-7019

Sworn to before me this    10th

day of    June        2008

Notary

Christopher Compton
Process Signature

FORM C-9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
NYU HOSPITALS CENTER,                                    INDEX NO.:

                              Plaintiff,

                                                        VERIFIED
        - against -                                     COMPLAINT

THOMAS MOLLO and
BLUE CROSS BLUE SHIELD OF FLORIDA, INC.,

                              Defendants.

-----------------------------------------------------------------X

        Plaintiff, NYU Hospitals Center, by its attorney William A. Hecht, P.C., as and for its

complaint against the Defendants alleges as follows upon information and belief:

        1.      At all times mentioned herein Plaintiff, NYU Hospitals Center, was and still is a

domestic corporation maintaining a facility to render hospital services in the County of New

York, State of New York.

        2.      At all times mentioned herein Defendant Thomas Mollo (hereinafter "Mollo")

was and still is a resident of the State of Florida.

        3.      At all times mentioned herein Defendant Blue Cross Blue Shield of Florida

("BCBS of Florida") was and still is a corporation existing under the laws of the State of Florida

and transacts business in the State of New York.

        4.      The cause of action against defendant Mollo alleged in this complaint arises out

of and results from a breach of contract, made by and between the plaintiff, a resident of the

County of New York and the defendant, a nondomiciliary of the State of New York, in the

County of New York and the contract was to be performed in the County of New York.

        5.      The cause of action against defendant BCBS of Florida arises from

misrepresentations made by defendant BCBS of Florida to plaintiff regarding authorization

and/or precertification required for payment of health care benefits for the services plaintiff would be providing to defendant Mollo.

      6.     This court is a most convenient forum for trying this action as witnesses to the agreement between plaintiff and defendant Mollo and plaintiff's performance thereunder and witnesses to the misrepresentations made by defendant BCBS are available in New York.

AS AND FOR A FIRST CAUSE OF ACTION

      7.     On or about January 31, 2007 plaintiff and defendant Mollo entered into an agreement whereby plaintiff was to render hospital services to him related to a surgical procedure he was to undergo and defendant Mollo was to pay plaintiff's charges for said services.

      8.     From January 31, 2007 to February 13, 2007 plaintiff provided said services to defendant Mollo and has performed all of its obligations under the aforesaid agreement.

      9.     Defendant Mollo has breach the aforementioned agreement by failing to remit the full amount due for the services rendered.

      10.    The total of the charges incurred by defendant Mollo is One Hundred Thirty-Three Thousand Eighty-Three and 50/100 ($133,083.50) Dollars.

      11.    Defendant Mollo has paid Five Hundred ($500.00) Dollars, leaving a balance of One Hundred Thirty-Two Thousand Five Hundred Eighty-Three and 50/100 ($132,583.50) Dollars due and owing, which he has refused to pay despite due demand therefor.

      12.    Accordingly, plaintiff has been damaged in the amount of One Hundred Thirty-Two Thousand Five Hundred Eighty-Three and 50/100 ($132,583.50) Dollars.

AS AND FOR A SECOND CAUSE OF ACTION

13.     Plaintiff repeats and reiterates and realleges each and every allegation set forth in paragraphs 7 through 11 as if fully set forth at length herein.

14.     On and between January 31, 2007 to February 13, 2007, plaintiff at the special instance and request of defendant Mollo provided certain hospital services to him.

15.     The agreed price and reasonable value of the services rendered was One Hundred Thirty-Three Thousand Eighty-Three and 50/100 ($133,083.50) Dollars, of which a balance of One Hundred Thirty-Two Thousand Five Hundred Eighty-Three and 50/100 ($132,583.50) Dollars remains due and owing despite due demand therfor.

16.     As a result of the foregoing, plaintiff has been damaged in the amount of One Hundred Thirty-Two Thousand Five Hundred Eighty-Three and 50/100 ($132,583.50) Dollars.

AS AND FOR A THIRD CAUSE OF ACTION

17.     Plaintiff repeats and reiterates and realleges each and every allegation set forth in paragraphs 7 through 11 and 14 and 15 as if fully set forth at length herein.

18.     On or about April 11, 2007, plaintiff sent a statement of account to defendant Mollo.

19.     Defendant Mollo received, retained and did not object to the statement of account.

20.     Accordingly an account was stated between plaintiff and defendant Mollo whereby defendant Mollo is indebted to plaintiff in the amount of One Hundred Thirty-Two Thousand Five Hundred Eighty-Three and 50/100 ($132,583.50) Dollars.

21.     As a result of the foregoing, plaintiff has been damaged in the amount of One Hundred Thirty-Two Thousand Five Hundred Eighty-Three and 50/100 ($132,583.50) Dollars.

## AS AND FOR A FOURTH CAUSE OF ACTION

22.    Plaintiff repeats and reiterates and realleges each and every allegation set forth in paragraphs 7 through 11 and 14 and 15 as if fully set forth at length herein.

23.    On January 30, 2007, plaintiff contacted defendant BCBS of Florida to verify that defendant Mollo had health care benefits to cover in whole or part the charges defendant Mollo would incur prior to admitting him to its hospital and to obtain precertification for defendant Mollo's admission if such was required.

24.    Plaintiff spoke with Defendant BCBS of Florida's staff who advised plaintiff that plaintiff's services would be covered in full except for a Five Hundred ($500.00) Dollar deductible that defendant Mollo was liable to pay and that no precertification was required for an out-of-state procedure.

25.    Relying on the representations made by defendant BCBS of Florida, plaintiff admitted defendant Mollo for a surgical procedure and rendered services to him related thereto.

26.    After defendant Mollo's discharge plaintiff submitted its claim to Empire Blue Cross Blue Shield.

27.    Defendant Mollo's ID card issued by defendant BCBS of Florida instructs out-of-state providers, like plaintiff, to submit their claims to the Blue Cross Blue Shield Plan servicing their area, which in New York is Empire Blue Cross Blue Shield.

28.    Plaintiff's claim was denied.

29.    The explanation of benefits issued by Empire Blue Cross Blue Shied on behalf of defendant BCBS of Florida states the claim was denied as the services were not covered services, which was not true.

30.    Defendant BCBS of Florida thereafter asserted that plaintiff's claim was denied because the care was not coordinated with the primary care physician.

31.    Defendant BCBS of Florida has subsequently asserted that the reason plaintiff's claim was denied was that the admission was not precertified with defendant BCBS of Florida.

32.    Defendant Mollo's health care benefits ID card issued by defendant BCBS of Florida, which was presented to plaintiff, notifies providers that: "some services require authorization and/or pre-certification"; that "[f]or authorizations, contact the patient's PCP [primary care physician] listed on this card"; and "[f]or pre-certification, contact HOI [BCBS of Florida Health Options, Inc.]"

33.    Not only did defendant Mollo's BCBS of Florida ID card not list a primary care physician but also the ID card stated "PCP NOT REQUIRED" in the field in which a primary care physician and said physician's telephone number are to be listed.

34.    If in fact precertification with defendant BCBS of Florida was required and/or there was a primary care physician, defendant BCBS of Florida misrepresented to plaintiff that no precertification was required and there was no primary care physician.

35.    Plaintiff's reliance on the misrepresentations made by defendant BCBS of Florida was reasonable and foreseeable.

36.    As a result of defendant BCBS of Florida's negligent misrepresentations, plaintiff has been damaged in the amount of One Hundred Thirty-Two Thousand Five Hundred Eighty-Three and 50/100 ($132,583.50) Dollars.

WHEREFORE, plaintiff demands judgment as follows:

a)    On its first, second and third causes of action judgment against defendant Thomas

Mollo in the sum of One Hundred Thirty-Two Thousand Five Hundred Eighty-Three and 50/100

($132,583.50) Dollars with interest from February 13, 2007;

b)    On its fourth cause of action judgment against defendant Blue Cross Blue Shield

of Florida in the sum of One Hundred Thirty-Two Thousand Five Hundred Eighty-Three and

50/100 ($132,583.50) Dollars with interest from February 13, 2007;

c)    For the costs and disbursements of this action; and

d)    For such other and further relief as this court deems just and proper.

Dated: White Plains, New York
       May 13, 2008

                                        WILLIAM A. HECHT, P.C.
                                        Attorney for Plaintiff

                                   By: _____
                                        William A. Hecht, Esq.
                                        901 North Broadway, Suite 3B
                                        White Plains, New York 10603
                                        (914) 946-0647
                                        File No.: 396-200209014

VERIFICATION

William A. Hecht, an attorney duly admitted to practice in the courts of the State of New York and attorney of record for NYU Hospitals Center, has read the annexed Summons and Verified Complaint and knows the contents thereof and the same are true to my knowledge, except those matters alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge is based upon correspondence and documents maintained in a file in your affirmant's office.

The reason I make this affirmation instead of the plaintiff is that plaintiff resides outside the county where your affirmant maintains an office.

I affirm that the foregoing statements are true under the penalties of perjury.

Dated: White Plains, New York
       May 13, 2008

_____
William A. Hecht, Esq.