UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NYU HOSPITALS CENTER,

    Plaintiffs,

vs.                                                                                          CASE NO. 08 cv 6187 (RJS)

THOMAS MOLLO and
BLUE CROSS BLUE SHIELD
OF FLORIDA, INC.

    Defendants.
_____/

### DEFENDANT'S MOTION TO DISMISS

    Defendant, Blue Cross and Blue Shield of Florida, Inc. ("BCBSF"), moves the Court, pursuant to Rule 12(b)(6), Fed.R.Civ.P., to dismiss the Complaint of Plaintiff NYU Hospitals Center ("NYU"), for failure to state a claim upon which relief can be granted, and in support hereof states:

    1.    NYU has filed a Complaint against Thomas Mollo ("Mollo"), an individual, and BCBSF arising out of treatment that NYU allegedly provided to Mollo in or about late January, 2007 to mid-February, 2007. NYU essentially seeks benefits under a Group Health Plan (the "Plan") in which Mollo was enrolled to pay for his hospitalization. NYU has mistakenly sued BCBSF for recovery of those benefits, as BCBSF is merely a third party administrator with respect to the Plan at issue.

    2.    The Plan was created by the Brevard Public Schools of Brevard County, Florida, located at 2700 Judge Fran Jamieson Way, Viera Florida 32940-6699. BCBSF is the parent company to Health Options, Inc. ("HOI"), a wholly owned subsidiary. HOI is a Health

Maintenance Organization ("HMO"), whereas BCBSF is a not-for-profit mutual insurance company, and is not an HMO. Through the Plan, Mollo had enrolled as a member in HOI for dependent coverage through his wife who was employed by the Brevard Public Schools. See, Declaration of Scott M. Kirby (hereinafter "Kirby Declaration"), contemporaneously filed herewith. A copy of the Plan is attached to the Kirby Declaration as Exhibit "1." The Plan established by Brevard Public Schools is fully funded by Brevard Public Schools, and it retains all liabilities with respect to benefits.

3.  Brevard Public Schools and BCBSF entered into an Administrative Services Agreement ("ASA") dated January 1, 2007, which is applicable to the period alleged in NYU's Complaint. A copy of the ASA is attached to the Kirby Declaration as Exhibit "2" and is fully incorporated herein.

4.  Pursuant to the terms of the ASA, Brevard Public Schools retains all final authority and responsibility for the Plan, including but not limited to eligibility and enrollment for coverage under the Plan, the existence of coverage, the benefits structure of the Plan, claims payment decisions, cost containment program decisions, utilization benefits management, and numerous other matters.

5.  As third party administrator, BCBSF provides ministerial administrative services, has no financial obligations under the ASA, does not assume any financial risk or obligation with respect to claims, and exercises no control over the Plan's assets, has no discretionary authority over its operations, and is only empowered to act as expressly stated in the ASA.

6.  Accordingly, BCBSF is not the proper party to this action, because NYU's claims seek to recover benefits under the Brevard Public School's Plan, which is self-funded and financially responsible for the benefits sought.

## Conclusion

Therefore, BCBSF moves the Court to enter an appropriate order granting this motion, and dismissing it from this action.

HOLLAND & KNIGHT LLP

*/s/ William J. Honan*
William J. Honan
New York Bar No. 1092527
Harmony I. Loube
New York Bar No. 4534830
195 Broadway, 24th Floor
New York, New York 10007
Telephone: (215) 513-3200
Facsimile: (215) 385-9010
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served via U.S. Mail this 25th day of July, 2008, on the following:

William A. Hecht, Esquire
William A. Hecht, P.C.
901 North Broadway, Suite 3B
White Plains, New York 10603

*/s/*
Attorney

# 5491344_v2

3