UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

NYU HOSPITALS CENTER,

    Plaintiffs,

vs.                                      CASE NO. 08 cv 6187 (RJS)

THOMAS MOLLO and
BLUE CROSS BLUE SHIELD
OF FLORIDA, INC.

    Defendants.

_____/

**DEFENDANT'S MEMORANDUM OF LAW IN**
**SUPPORT OF MOTION TO DISMISS**

Defendant, Blue Cross and Blue Shield of Florida, Inc. ("BCBSF"), by its counsel, Holland & Knight LLP, respectfully submits this memorandum of law in support of its motion to dismiss this action. NYU has simply sued the wrong party. Attached to the Kirby Declaration as Exhibit "2" is a copy of the ASA between BCBSF and Brevard Public Schools. As the ASA shows, BCBSF is the contractual third party administrator of the Plan. The Plan is funded and controlled by Brevard Public Schools. Because BCBSF has no authority with respect to the Plan's interpretation or determination of benefits, and because BCBSF has no financial responsibility for payment of the Plan's benefits, Brevard Public Schools is the real party in interest, and the Complaint should be dismissed as to BCBSF.

As the ASA makes clear, Brevard Public Schools retains final authority and responsibility with respect to the Plan, and in particular for this case claims payment decisions, as well as all financial responsibility for claims.

1

II.  DUTIES AND RESPONSIBILITIES OF THE EMPLOYER

2.1  Final Authority

The Employer [Brevard Public Schools] retains all final authority and responsibility for the Group Health Plan including, but not limited to eligibility and enrollment coverage under the Group Health Plan, the existence of coverage, the benefits structure of the Group Health Plan, **claims payment decisions**, cost containment program decisions, utilizations benefits management, compliance with requirements of COBRA (Consolidated Omnibus Budget Reconciliation Act of 1985, as amended), compliance with the requirements of ERISA (Employee Retirement Income Security Act of 1974, as amended), compliance with reporting and remitting abandoned property funds, and compliance with any other state and federal law or regulation applicable to the Employer, the Health Plan, or the administration of the Group Health Plan.

(emphasis supplied).

...

2.3  Financial Obligations

A.  Claims Payment

**The Employer is financially responsible for the payment of all claims paid under the Group Health Plan.** Financial arrangements regarding the payment of such claims is set forth in Exhibit "B."

(emphasis supplied).

In addition, the ASA provides that the duties and responsibilities of BCBSF are limited and are to be strictly in accordance with the ASA. With respect to what is relevant here, those responsibilities were to provide claims processing services.

III.  DUTIES AND RESPONSIBILITIES OF BCBSF AND HOI

3.1  Generally

2

It is understood and agreed that BCBSF AND HOI act with respect to the Group Health Plan only as expressly stated herein.

**The Employer and BCBSF AND HOI agree that BCBSF AND HOI's role is to provide administrative claims payment and services, that BCBSF AND HOI does not assume any financial risk or obligation with respect to claims**, that the services rendered by BCBSF AND HOI under this Agreement shall not include the power to exercise control over the Group Health Plan's assets, if any, or discretionary authority over the Health Care Plan's operations, and that BCBSF AND HOI will not for any purpose, under ERISA or otherwise, be deemed to be the "Plan Administrator" of the Group Health Plan or a "fiduciary" with respect to the Group Health Plan. **BCBSF AND HOI's services hereunder are intended to and shall consist only of ministerial functions.**

(emphasis supplied).

...

3.3     Claims Processing

BCBSF AND HOI shall provide claims processing services on behalf of the Employer for all properly submitted claims, in accordance with the benefits and procedures set forth in Exhibit "A," using funds solely supplied by the Employer, as set forth in Exhibit "B." BCBSF AND HOI shall furnish each claimant with an explanation of each claim that is paid, rejected, suspended or denied.

For purposes of this Agreement the term "claim(s)" shall be defined as the amount paid or payable by BCBSF AND HOI to providers of services and/or covered group members under this Agreement and the Group Health Plan, and in conformity with any agreements BCBSF AND HOI enters into with such providers of services, and includes . . . hospital and other fee-for-service claims expenditure.

...

3.7     Claims Payments

**The source or sources of payment under the Group Health Plan are to be only the assets of the Employer, and BCBSF AND HOI will have no liability whatsoever for providing a**

> **source from which payments will be made under the Health Care Plan.**
>
> (emphasis supplied).

Generally, claims to recover benefits under a self funded plan providing health care benefits do not lie against a third party administrator that performs ministerial functions such as claims processing. This principle comes up frequently in ERISA cases under 29 U.S.C. Section 1132. For example, in <u>Kodes v. Warren Corp.</u>, 24 F. Supp. 2d 93, 100-101 (D.Mass. 1998), the Court granted a motion for summary judgment in favor of the third party administrator ("Liberty"). The record showed that the employer had established a group benefits plan, and had then contracted with Liberty, an insurance company, to provide administrative services. Under the agreement, Liberty provided claims processing, cost analysis, pre-admission certification and payment of claims from an established fund. The employer, as the plan sponsor, retained "final authority and responsibility for the Plan and its operation." 24 F. Supp. 2d at 101. The employer and Liberty specifically agreed that "Liberty is neither the Administrator, a Fiduciary nor a Named Fiduciary of the Plan for purposes of [ERISA] or any state law of a similar nature." <u>Id.</u>, at 101. Based on these factors, the Court concluded that a claim against Liberty could not stand. The same considerations that informed the <u>Kodes</u> Court's decision are present here, and there is no principled reason why the result should not be the same as well. In addition, as set forth above, the ASA specifically provides that "the services rendered by BCBSF AND HOI under this Agreement shall not include the power to exercise control over [the Plan's] assets, if any, or discretionary authority over [its] operations, and that BCBSF AND HOI will not for any purpose, under ERISA or otherwise, be deemed to be the "Plan Administrator" ... or a "fiduciary" with respect to [the Plan]." ASA at para. 3.1.

The same outcome has been reached in numerous other cases. See, Baxter v. C.A. Muer Corp., 941 F. 2d 451, 454-456 (6th Cir. 1991) (granting summary judgment and finding that administrator of plan was a mere claims processor that paid claims in accordance with the terms of the plan); Baker v. Big Star Div. of The Grand Union Co., 893 F. 2d 288, 289-290 (11th Cir. 1989) (non-fiduciary plan administrator could not be held liable where employer did no more than "rent" the claims processing department of the third party administrator to review claims and determine the amounts payable in accordance with the terms and conditions of the plan); Klover v. Antero HealthPlans, 64 F. Supp. 2d 1003, 1011-1012 (D. Colo. 1999) (granting summary judgment to third party administrators in action for non-payment of benefits on ground that they were improper parties); Crocco v. Xerox Corp., 956 F. Supp. 129, 136-137 (D. Conn. 1997), affirmed in part, reversed in part, on other grounds, 137 F. 3d 105 (2d Cir. 1998) (finding that third party administrator was not a proper party because it only performed ministerial functions such as the application of rules determining eligibility for participation or benefits, and processing claims, and had no discretionary authority or control); Haidle v. Chippenham Hosp., Inc., 855 F. Supp. 127, 131-133 (E.D. Va. 1994) (dismissing Aetna as an improper party defendant because of its limited function in processing claims under a plan). Although these cases were all decided under ERISA in the context of determining that the third party administrator was not a "fiduciary" and, thus, not subject to suit, the same principles apply here. BCBSF plays only a ministerial role in the processing of claims under the Plan, and does so pursuant to the express terms of that Plan. The funds utilized to pay claims are those of the Brevard Public Schools and it maintains final authority over all matters related to the Plan. The ASA makes clear that Brevard Public Schools is the proper party to this matter, not BCBSF.

Also analogous are cases that have applied an immunity to third party administrators. These cases have essentially turned on an analysis of who the real party in interest is with respect to the case. Upon determining that the real party in interest is a State, or the United States, courts have allowed an immunity from suit. For instance, in Shands Teaching Hospital and Clinics, Inc. v. Beach Street Corporation, 208 F.3d 1308 (11th Cir. 2000), a hospital brought suit for a declaratory judgment against the State of Florida's third party administrator regarding the State's health insurance plan's rights, powers, and liabilities. The Court found that the treasury would be affected and that the action was, in substance, an action against the State. Thus, the Court held that the third party administrator was entitled to Eleventh Amendment immunity from suit. In reaching its conclusion, the Court stated that it was appropriate to look to " 'the effect of the relief sought' ." 208 F. 3d at 1311, quoting Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 107, 104 S.Ct. 900, 79 L. Ed. 2d 67 (1984). Accordingly, the dispositive question was whether a judgment against the third party administrator would implicate the State treasury, or be the financial responsibility of the third party administrator. Because the Court determined that any judgment would implicate State funds it decided that the immunity was available.

The Shands Court relied for support on Pani v. Empire Blue Cross Blue Shield, 152 F. 3d 67 (2d Cir. 1998), which addressed whether a third party administrator is protected by an official immunity from suit. The Court dealt with a suit brought by a neurosurgeon against Empire Blue Cross regarding its role as a fiscal intermediary for the Medicare program. The Court had before it a motion to dismiss on the ground of official immunity for discretionary action that had been taken by Empire Blue Cross. It ultimately concluded that official immunity should apply and bar the suit. In reaching that decision, the Court noted that several circuits have held that a fiscal

intermediary is entitled to sovereign immunity based on the rationale that the United States is the real party in interest, not the third party administrator.

In addition to <u>Pani</u>, this Court has held, in a case alleging analogous claims to those in this case, that a fiscal intermediary for Medicare was entitled to official immunity from a suit for negligence, false representations, and breach of warranty, among other things. <u>Group Health Inc. v. Blue Cross Ass'n.</u>, 739 F. Supp. 921 (S.D.N.Y. 1990). The decision turned in part on a finding that the Blue Cross Association had acted pursuant to a grant of governmental authority, which is akin to saying that the government was the real party in interest.

As these cases point up, it is appropriate for the Court to look to who is the real party in interest to determine what the rights and liabilities of the parties may be. Here, the same logic that lead the above courts to decide that an immunity applied is equally applicable in concluding that Brevard Public Schools is the real part in interest in this case, not BCBSF.

## **Conclusion**

Based on the provisions of the ASA, the fact that any judgment herein would implicate the financial responsibility of the Plan, and not BCBSF, and the above authorities, BCBSF submits that it is an improper party in this case, and that the real party in interest in this matter is Brevard Public Schools. For these reasons, BCBSF requests that this Court enter an appropriate order dismissing it as a party to this action.

HOLLAND & KNIGHT LLP

_____
William J. Honan
New York Bar No. 1092527
Harmony I. Loube
New York Bar No. 4534830
195 Broadway, 24th Floor
New York, New York 10007
Telephone: (215) 513-3200
Facsimile: (215) 385-9010
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served via U.S. Mail this 25th day of July, 2008, on the following:

William A. Hecht, Esquire
William A. Hecht, P.C.
901 North Broadway, Suite 3B
White Plains, New York 10603

_____
Attorney

# 5501611_v1